UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE L. DILLARD,

    Petitioner,

vs.

Case No. 03-CV-71269
HON. GEORGE CARAM STEEH

WILLIE O. SMITH, (WARDEN),

    Defendant.

_____/

ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (#56)

Petitioner Eddie Dillard moves under Federal Rule of Civil Procedure 60(b)(3) for relief from his January 22, 1997 state court jury based convictions on three counts of first degree criminal sexual conduct, M.C.L. § 750.520b, and his February 4, 1997 sentence on the three convictions and a fourth habitual offender conviction, M.C.L. § 769.12, to four concurrent 25 to 50 year terms of incarceration. This court dismissed Dillard's April 1, 2003 § 2254 petition for habeas corpus on June 2, 2004, and denied a certificate of appealability. In a 2-1 decision, a panel of the Sixth Circuit Court of Appeals dismissed Dillard's appeal, holding that a certificate of appealability issued by a judge of the Sixth Circuit was improvidently granted. Dillard v. Burt, No. 04-1779, 2006 WL 2571941, at **4 (6th Cir. Sept. 8, 2006), cert denied, 127 S.Ct. 1057 (Apr. 16, 2007). In a dissenting opinion, Circuit Judge Eric Clay reasoned that the certificate of appealability was not improvidently granted, and that the petition should be denied on its merits and the dismissal affirmed. Id at **7.

Dillard's instant motion for relief from judgment reiterates this history, then offers the argument that he is entitled to relief from the 1997 convictions and sentence because the Office of the Michigan Secretary of State stated in a February 12, 2008 letter that it was not in possession of a public record indicating that Detroit Recorder's Court Judge Terrance

Boyle had ever been administered an oath of office in the State of Michigan. Dillard cites 4 U.S.C. § 102[1] for the proposition that Judge Boyle, and thus the State of Michigan, lacked jurisdiction to impose his conviction and sentence.

Federal Rule of Civil Procedure 60(b)(3) authorizes a court to relieve a party from a final judgment for fraud, misrepresentation, or misconduct by an opposing party. The motion for relief from judgment under Rule 60(b)(3) must be made no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

In addition to being frivolous, Dillard's motion is untimely, as not being made within one year of his 1997 convictions and sentence. Dillard fails to articulate why the one-year filing requirement should be tolled for over ten years due to "fraudulent concealment." Accordingly,

Dillard's motion for relief from judgment is hereby DENIED.

SO ORDERED.

Dated: June 18, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 18, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

[1] 4 U.S.C. § 101 provides that "Every member of a State legislature, and every executive and judicial officer of a State, shall, before he proceeds to execute the duties of his office, take an oath in the following form, to wit: "I, A B, do solemnly swear that I will support the Constitution of the United States." 4 U.S.C. § 102 provides that "Such oath may be administered by any person who, by the law of the State, is authorized to administer the oath of office; and the person so administering such oath shall cause a record or certificate thereof to be made in the same manner, as by the law of the State, he is directed to record or certify the oath of office."