UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE L. DILLARD,

    Petitioner,                         Civil Action No. 03-71269-DT

v.                                    HONORABLE GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT COURT

SHERRY BURT,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RELIEF FROM JUDGMENT

On June 2, 2004, this Court denied petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, finding his claims to be without merit. The Court also denied a certificate of appealability. In a 2-1 decision, a panel of the Sixth Circuit Court of Appeals dismissed petitioner's appeal, holding that a certificate of appealability issued by a judge of the Sixth Circuit was improvidently granted. *Dillard v. Burt,* 194 Fed. Appx. 365 (6th Cir. 2006); *cert. den.* 549 U.S. 1349 (2007); *reh. den.* 550 U.S. 981 (2007).

Petitioner subsequently filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3), in which he argued that he was entitled to relief from his convictions because the Office of the Michigan Secretary of State stated in a February 12, 2008 letter that it was not in possession of a public record indicating that Detroit Recorder's Court Judge Terrance Boyle had ever been administered

1

an oath of office in the State of Michigan. Petitioner claimed that pursuant to 4 U.S.C. § 102, Judge Boyle, and thus the State of Michigan, lacked jurisdiction to impose his conviction and sentence. This Court denied the motion for relief from judgment, finding the motion to be frivolous and untimely. *Dillard v. Smith*, No. 2008 WL 2446839 (E.D. Mich. June 18, 2008); *reconsideration den.,* No. 2008 WL 4186262 (E.D. Mich. September 9, 2008). Petitioner subsequently filed a second motion for relief from judgment, in which he made the same arguments. This Court again dismissed the motion as frivolous and untimely and warned petitioner that his further filing of frivolous motions could result in the imposition of sanctions against him, including but not limited to losing his ability to appear in forma pauperis in future civil actions and a substantial fine. *Dillard v. Smith,* No. 2008 WL 4450287 (E.D. Mich. September 29, 2008). The Sixth Circuit ultimately denied petitioner a certificate of appealability. *See Dillard v. Smith,* U.S.C.A. No. 08-2389 (6th Cir. June 18, 2009).

Petitioner has now once again filed another motion for relief from judgment, in which he again claims that the State of Michigan lacked jurisdiction over his case because Judge Boyle, as well as Judges Irma J. Chenevert and Nancy M. Blount failed to register their oaths of office to the Michigan Secretary of State, in accordance with Mich. Const. 1963, Art. XI, Section 1.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
    (6) any other reason justifying relief from the operation of the judgment.

The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F. 3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004).

The Court will deny petitioner's motion for relief from judgment, because he is simply reiterating the same arguments that he raised in his two prior motions for relief from judgment, which were rejected by this Court and the Sixth Circuit. The Court will deny petitioner's 60(b) motion for relief from judgment, because he has failed to offer any arguments which this Court has not already previously

considered and rejected in its prior orders. *See Brumley v. Wingard,* 269 F. 3d 629, 647 (6th Cir. 2001). [1]

The Court will also deny petitioner a certificate of appealability.  A habeas petitioner is required to obtain a certificate of appealability in order to appeal the denial of a motion for relief from judgment brought pursuant to Fed. R. Civ. P. 60(b). *See U.S. v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007).  In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See Jackson v. Crosby,* 437 F. 3d 1290, 1295 (11th Cir. 2006).  In this case, petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling

---

[1] By continuing to challenge his criminal conviction with these repetitive and frivolous motions, petitioner appears to think that "[T]he ball game never ends in our Court", as the late Chief Justice William H. Rehnquist once lamented about the Supreme Court's docket, albeit in a slightly different context. *See Turnpaugh v. Maciejewski,* No. 2009 WL 416355, * 4, n. 1 (E.D. Mich. February 18, 2009)(Rosen, J.)(citing David G. Savage, *Turning Right:The Making of the Rehnquist Supreme Court",* p. 16 (1992)). Not only do these endless challenges from prisoners like petitioner "unduly burden the federal courts, they cause undue delays in granting relief to those prisoners whose constitutional rights have been violated. They also cause the federal courts to take an extremely jaundiced view towards habeas petitions, post-conviction motions, and prisoner civil rights complaints in general, which again, can prejudice the occasional meritorious prisoner complaint." *Id.* Further, what Justice Robert H. Jackson stated in 1953 about habeas cases remains all the more true today: "[I]t must prejudice the occasional meritorious application to be buried in a flood of worthless ones.  He who must search a haystack for a needle is likely to end up with the attitude that the needle is not worth the search." *Brown v. Allen,* 344 U.S. 443, 537 (1953)(Jackson, J., concurring).

was incorrect.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### IV.  <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the motion for relief from judgment is **DENIED.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  February 2, 2010

<u>S/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 2, 2010, by electronic and/or ordinary mail.

<u>S/Josephine Chaffee</u>
Deputy Clerk