UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE L. DILLARD,

    Petitioner,

v.

SHERRY BURT,

    Respondent,
_____/

Civil Action No. 03-71269-DT
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT COURT

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION, THE MOTION FOR A CERTIFICATE OF APPEALABILITY, AND THE MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

On June 2, 2004, this Court denied petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, finding his claims to be without merit. The Court also denied a certificate of appealability. In a 2-1 decision, a panel of the Sixth Circuit Court of Appeals dismissed petitioner's appeal, holding that a certificate of appealability issued by a judge of the Sixth Circuit was improvidently granted. *Dillard v. Burt,* 194 Fed. Appx. 365 (6th Cir. 2006); *cert. den.* 549 U.S. 1349 (2007); *reh. den.* 550 U.S. 981 (2007).

Petitioner subsequently filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3), in which he argued that he was entitled to relief from his convictions because the Office of the Michigan Secretary of State stated in a February 12, 2008 letter that it was not in possession of a public record indicating that Detroit Recorder's Court Judge Terrance Boyle had ever been administered

1

an oath of office in the State of Michigan. Petitioner claimed that pursuant to 4 U.S.C. § 102, Judge Boyle, and thus the State of Michigan, lacked jurisdiction to impose his conviction and sentence. This Court denied the motion for relief from judgment, finding the motion to be frivolous and untimely. *Dillard v. Smith*, No. 2008 WL 2446839 (E.D. Mich. June 18, 2008); *reconsideration den.,* No. 2008 WL 4186262 (E.D. Mich. September 9, 2008). Petitioner subsequently filed a second motion for relief from judgment, in which he made the same arguments. This Court again dismissed the motion as frivolous and untimely and warned petitioner that his further filing of frivolous motions could result in the imposition of sanctions against him, including but not limited to losing his ability to appear in forma pauperis in future civil actions and a substantial fine. *Dillard v. Smith,* No. 2008 WL 4450287 (E.D. Mich. September 29, 2008). The Sixth Circuit ultimately denied petitioner a certificate of appealability. *See Dillard v. Smith,* U.S.C.A. No. 08-2389 (6th Cir. June 18, 2009).

On December 21, 2009, petitioner filed another motion for relief from judgment, in which he again argued that the State of Michigan lacked jurisdiction over his criminal case because Judge Boyle, as well as Judges Irma J. Chenevert and Nancy M. Blount failed to register their oaths of office to the Michigan Secretary of State, in accordance with the Michigan Constitution. On February 2, 2010, this Court denied the motion for relief from judgment. The Court also denied petitioner a certificate of appealability and leave to appeal *in forma*

*pauperis. Dillard v. Burt*, No. 2010 WL 431755 (E.D.Mich. February 2, 2010).

Petitioner has now filed a motion for reconsideration. Petitioner has also filed a motion for a certificate of appealability and a motion to proceed *in forma pauperis* on appeal, which are also construed as motions for reconsideration. For the reasons stated below, the motions are DENIED.

Because this Court previously denied petitioner a certificate of appealability when it denied the motion for relief from judgment, the Court will construe Petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability in this case. *See e.g. Jackson v. Crosby,* 437 F. 3d 1290, 1294, n. 5 (11th Cir. 2006). Likewise, because this Court previously denied petitioner leave to appeal *in forma pauperis* when it denied the motion for relief from judgment, the Court will construe petitioner's motion for leave to appeal *in forma pauperis* as a motion for reconsideration of the Court's prior order to deny him leave to appeal *in forma pauperis* in this case. See *Pettigrew v. Rapelje,* No. 2008 WL 4186271, * 1 (E.D. Mich. September 10, 2008).

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be

3

granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

Petitioner's motion for reconsideration, his motion for a certificate of appealability, and his motion to proceed *in forma pauperis* on appeal will be denied, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied his motion for relief from judgment and denied him a certificate of appealability and leave to appeal *in forma pauperis*. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

**ORDER**

Based upon the foregoing, IT IS ORDERED that the motion for reconsideration [Dkt. # 69], the motion for a certificate of appealability [Dkt. # 72], and the motion to proceed *in forma pauperis* on appeal [Dkt. # 71] are **DENIED.**

Dated: March 3, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 3, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

4